Zimmerman, J.
In its extensive business the appellant employs numerous dump trucks and cement mixer trucks licensed and taxed by statute (Section 4503.02, Revised Code) and which are designed to and do carry the load limits permitted by state law, namely, Section 5577.04 et seq., Revised Code. The maximum weights allowed by statute are considerably greater than those allowed by the village ordinance. It is necessary for appellant’s vehicles to use the improved streets of Fairport Harbor for ingress to and egress from appellant’s *389 plant. A serious conflict of interests thereby arises. The village is vitally concerned with the maintenance and preservation of its streets and the appellant is vitally concerned with the successful operation of its business.
Section 3, Article XVIII of the Constitution of Ohio, recites :
“Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
This constitutional provision has been held to apply in certain circumstances to a noncharter as well as a charter municipality. Village of Perrysburg v. Ridgway, a Taxpayer, 108 Ohio St., 245, 140 N. E., 595.
In the case of Froelich v. City of Cleveland (1919), 99 Ohio St., 376, 124 N. E., 212, it was held, by a divided vote, that under constitutional sanction a charter city may properly regulate the weights of loads passing over its streets, even though such regulations conflict with statutes on the same subject and allowing heavier loads.
The decision in the Froelich case was rendered despite then existing Section 7250, General Code (repealed by amendment in 1923), which provided:
“The weights of loads prescribed and the rates of speed mentioned in Sections 7246 to 7249 inclusive of the General Code shall not be decreased or prohibited by any ordinance, resolution, rule or regulation of a municipal corporation, Board of County Commissioners, Board of Township Trustees or other public authority.”
Judge Jones’ dissent in the Froelich case, at page 401, was based mainly on the quoted section of the General Code, which section and its effect are not discussed in the majority opinion. In that dissent, Judge Jones said:
“By Section 7246, General Code, the state law permitted motor trucks weighing twelve tons to be operated ‘over and upon the improved public streets, highways, bridges or culverts within the state’: and by Section 7250, General Code, the state provided that the weight of loads should not be decreased or prohibited by any municipal ordinance or regulation. There *390 is, therefore, a conflict between the state law and the municipal ordinance which limited the load to ten tons.”
Then came the case of Schneiderman, an Infant, v. Sesansteim (1929), 121 Ohio St., 80, 167 N. E., 158, 64 A. L. R., 981, in which it was held, also by a divided vote, that a municipal ordinance, which prescribes a manner of driving or a rate of speed of automobiles in conflict with statutory provisions covering the same matters, is invalid.
When the Schneidermcm case was decided, Section 12608, General Code, was in force and read:
“The provisions of Section 12603 [prescribing the manner of driving and proper rates of speed] shall not be diminished, restricted or prohibited by an ordinance, rule or regulation of a municipality or other public authority.”
The decision in the Schneiderman case rested largely on the last-quoted section and would seem to represent a departure in principle from the position taken by the court in the earlier Froelich case. *
As far as we can ascertain, no statutory provision similar to repealed Section 7250, General Code, has been enacted by the General Assembly. Cf. Section 4511.06, Revised Code.
Presently in force are Sections 715.22 and 723.01, Revised Code. The former section states in part:
“Any municipal corporation may:
“(A) Regulate the use of carts, drays, wagons, hackney coaches, omnibuses, automobiles, and carriages kept for hire or livery stable purpose;
“(B) License and regulate the use of the streets by persons who use vehicles, or solicit or transact business thereon;
“(D) Regulate the transportation of articles through such highways and prevent injury to such highways from overloaded vehicles. ’ ’
The latter section provides:
“Municipal corporations shall have special power to regulate the use of the streets. The legislative authority of such municipal corporation shall have the care, supervision, and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts within the mu *391 nicipal corporation, and shall cause them to be kept open, in repair, and free from nuisance.”
By these statutory enactments, municipal corporations have broad powers and duties with respect to the streets and highways within their limits. In the light of Section 3, Article XVIII of the Constitution, the Froelich case, Sections 715.22 and 723.01, Revised Code, and the attitude assumed by this court in the case of Perkins v. Village of Quaker City (1956), 165 Ohio St., 120, 133 N. E. (2d), 595, we find it difficult to disapprove the judgments of the lower courts herein. In the circumstances, those courts upheld the validity of the village ordinance in issue and found that the mayor did not act arbitrarily or with an abuse of discretion in ordering a temporary reduction of 20 per cent in maximum weight loads of appellant’s trucks to prevent serious damage to the village streets.
Of course, the state law (Section 5577.04 et seq., Revised Code, relating to maximum loads) is operative generally, but it does not inhibit the exercise of the powers of lochl self-government by municipalities in the reasonable regulation as to weights of vehicles passing over their thoroughfares.
It is apparent that the situation presented in the instant case is a perplexing one and might well be the subject of study on the part of both the General Assembly and the legislative bodies of the various municipalities throughout the state, to the end that some satisfactory solution might be re'ached.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Taet, Matthias, Bell, Radcliff and O’Neill, JJ., concur.
Radcliff, J., of the Fourth Appellate District, sitting by designation in the place and stead of Hekbebt, J.